# In the United States Court of Federal Claims

| | |
|---|---|
| THE ELECTRICAL WELFARE TRUST FUND, THE OPERATING ENGINEERS TRUST FUND OF WASHINGTON, D.C., and THE STONE & MARBLE MASONS OF METROPOLITAN WASHINGTON, D.C. HEALTH AND WELFARE FUND on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>THE UNITED STATES,<br><br>        Defendant. | No. 19-353C<br><br>Judge Eleni M. Roumel |

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND TAKINGS CLASS DEFINITION IN THE SECOND AMENDED CLASS ACTION COMPLAINT**

Plaintiffs bring this motion ("Motion") under Rules 16(b)(4) and 15(a)(2) to amend the class definition applicable to the takings claims (Complaint ¶ 89) ("Takings Class").[1]

## I. INTRODUCTION

In order to ensure that all similarly situated entities are properly included in the class asserting a takings claim, Plaintiffs respectfully request leave to amend the Complaint with the following Takings Class definition:

> All self-insured employee health and welfare benefit plans with assets held pursuant to a trust agreement that were required to make the Transitional Reinsurance Contribution under Section 1341 of the Affordable Care Act for benefit years 2014, 2015 and/or 2016 (the "Takings Class" or "Class").

Plaintiffs' proposed amendment, which eliminates the word "multiemployer" and the limitation to self-insured plans that "are not administered by a third party administrator that was a health insurance issuer," will allow all entities that were treated in the same manner by the Government to assert a takings claim.

In denying Defendants' Motion to Dismiss and for Summary Judgment, the Court found that Plaintiffs are entitled to pursue a claim alleging that the Government engaged in a taking without just compensation, in violation of the Fifth Amendment to the U.S. Constitution, by requiring self-insured entities to make contributions to the Transitional Reinsurance Program ("TRP"), under the Patient Protection and Affordable Care Act of 2010 ("ACA"). *Elec. Welfare Tr. Fund v. United States*, 155 Fed. Cl. 169, 192-93 (2021) (Roumel, J.) ("MTD Order"). As this Court already found, the takings claim asserted in this action turns on "whether Plaintiffs' ERISA funds constitute a 'specific fund of money' protected by an 'identified property interest.'" *Id.* at

---

[1] Unless otherwise noted: (i) all capitalized terms have the meaning ascribed to them in the Second Amended Class Action Complaint ("Complaint") (ECF No. 59); (ii) "Rule" means Rules of the United States Court of Federal Claims; (iii) "Ex. __" means exhibits attached hereto; (iv) all emphasis is added; and (v) all internal citations and quotations are omitted.

189. This is true irrespective of whether a Takings Class Member is a multiemployer or single-employer entity. It is also true irrespective of whether a Takings Class Member used a third party administrator ("TPA") that was a health insurance issuer, as this characteristic has no bearing on whether these plans can establish a property interest in the taken funds. *Id.* at 189. Plaintiffs' amendment ensures that all Takings Class Members with viable claims against the Government are permitted to seek redress in this action.

The amendment is justified by discovery produced in this case which has demonstrated, for the first time, that tens of thousands of self-insured entities—including multiemployer, single-employer, self-administered, and those that used issuer and non-issuer TPAs ("Takings Class Members")—collectively made TRP contributions to the Government totaling billions of dollars. Ex. 1.

Plaintiffs readily satisfy the standards for amendment under Rules 16 and 15, as they were diligent in moving to amend based on recently produced information, and the Government will not suffer any prejudice if the amendment is granted. The amendment does not add any new claims or change the discovery in this matter and will not impact the remaining schedule for fact and expert discovery (which have now closed), class certification (which is being filed concurrently herewith), or dispositive motions.

Accordingly, Plaintiffs respectfully request that the Court grant the Motion.

## II.     BACKGROUND

### A.     Nature of the Action

Plaintiffs allege that the Government improperly collected payments under the TRP, a risk-spreading program that funds reinsurance payments allocable to insuring high risk individuals as new enrollees. Complaint ¶¶ 5-6. The Complaint sets forth two distinct (and mutually exclusive)

causes of action: a takings claim (in violation of the Takings Clause of the Fifth Amendment) and an illegal exaction claim (in violation of the Due Process Clause of the Fifth Amendment).

On July 30, 2021, the Court issued a comprehensive order denying the Government's motion to dismiss Plaintiffs' takings claim, explaining that "Plaintiffs and the beneficiaries of their plans may have some property right in the employee contributions paid into the ERISA funds or may have some contractual right to these funds." MTD Order, 155 Fed. Cl. at 192. The ability to establish this same property interest applies to all Takings Class Members irrespective of whether they are multiemployer or single-employer plans and irrespective of whether they used a TPA that was a health insurance issuer.

**B.     Procedural Background**

Under the operative Scheduling Order, fact and expert discovery for all claims are closed; Plaintiffs are moving for certification of the Takings Class contemporaneously with the filing of the instant Motion; and dispositive motions related to the takings claim are due by December 2, 2022. ECF No. 78.

The Scheduling Order also provides for a separate, parallel track for Plaintiffs' illegal exaction claims. On March 30, 2022, Plaintiffs filed an unopposed Motion to Amend the definition applicable to the Exaction Class by excising the word "multiemployer." ECF No. 48. In their prior Motion, Plaintiffs noted that "discovery produced by the Government suggests single-employer entities also made payments for benefit years 2014, 2015, and 2016, and thus have potentially viable takings claims." ECF No. 48 at n.3. They also noted that "[i]f Plaintiffs determine an amendment to the takings class definition is necessary, they will file an appropriate motion with the Court prior to moving for class certification of these claims." *Id.*

On April 7, 2022, the Court granted Plaintiffs' Motion, and directed Plaintiffs to file "a Second Amended Complaint that incorporates the proposed revision to the exaction class

3

definition." ECF No. 51. Plaintiffs filed the operative Second Amended Complaint on May 2, 2022. ECF No. 59. The Court certified an Exaction Class on June 22, 2022, and directed Plaintiffs to issue notice to the Exaction Class on July 27, 2022. ECF Nos. 70, 77. Summary judgment as to the Exaction Class's claim has been fully briefed. ECF Nos. 74, 80, 81.

### C. Summary of the Parties' Discovery Efforts

Plaintiffs served their First Set of Interrogatories and Document Requests on October 27, 2021 and November 4, 2021, respectively. As relevant here, those requests asked the Government to identify all Takings Class Members with TPAs that paid TRP Contributions, including the amounts of such payments and any offsets (refunds). ECF No. 48-3 (Interrogatories 3, 4, 6, 8, 10, 12, 14); Ex. 2 (Government Response to Amended Interrogatories 4, 6, 8, 10, 12, 14); ECF No. 48-4 (Request for Production Nos. 1, 2, 4, 6, 8, 16, 17).

The Government initially objected to many of the requests on the basis that it "did not collect information that would permit it to distinguish between self-insured group health plans administered by non-health insurers, which fall within plaintiffs' definition of 'SMPs,' and self-insured group plans administered by health insurers." Ex. 3 at 2. In order to streamline discovery, Plaintiffs served amended interrogatories on the Government which did not differentiate between health insurance issuer and non-issuer TPAs, and instead requested discovery for all "self-insured entities administered by a [third-party administrator]" that paid the TRP Contribution for benefit years 2014-2016. *Id.* at 3; Ex. 2 (Government Response to Amended Interrogatories).

In response to the amended interrogatories, and the parties' meet and confer efforts, the Government ultimately agreed to provide discovery on all self-insured entities that used TPAs, regardless of whether the TPAs were health insurance issuers or non-health insurance issuers.[2]

---

[2] Because it is extremely voluminous, Plaintiffs have not attached all of the Takings Discovery to this Motion. Plaintiffs will make this information available to the Court upon request.

4

This discovery, which is comprised of 13 documents and spreadsheets, and spans thousands of pages, was produced on February 4, February 14, March 10, and April 29, 2022. Documents listing the TPAs that Takings Class Members purportedly utilized was produced for the first time on March 10, 2022. Collectively, the Takings Discovery confirms that all self-insured entities that used TPAs in the proposed Takings Class definition were required to make the TRP Contribution to the Government for benefit years 2014-2016.[3]

### D.   The Proposed Amendment

Plaintiffs' proposed amendment is designed to ensure that all similarly situated entities are properly included in the Takings Class. It includes the following modifications:

> All self-insured ~~multiemployer~~ employee health and welfare benefit plans <u>with assets held pursuant to a trust agreement</u> that ~~are not administered by a third-party administrator that is a health insurance issuer, and are or were subject to the assessment and/or collection of the~~ <u>were required to make the</u> Transitional Reinsurance Contribution under Section 1341 of the Affordable Care Act for benefit years 2014, 2015 and/or 2016.

On October 18, 2022, Plaintiffs asked the Government whether it would oppose Plaintiffs' request to eliminate the word "multiemployer" from the Takings Class definition. On October 20, 2022, the Government informed Plaintiffs that it would not oppose this modification.[4] On October 27, 2022, Plaintiffs informed the Government of the additional modifications to the Takings Class definition proposed herein. The Government stated that it would oppose Plaintiffs' request.

---

[3] As explained in Plaintiffs' Motion for Class Certification, the present Takings Class definition also covers approximately 650 self-insured, self-administered entities that made TRP Contributions for benefit year 2014. The Government produced separate discovery on these entities. These entities are also included in the present Exaction Class definition. In the event that such entities obtain judgment in their favor on their exaction claims, they will not be permitted to pursue takings claims for benefit year 2014. MTD Order, 155 Fed. Cl. at 181 ("When the government expropriates property, a plaintiff can obtain relief under either a Takings theory or an illegal-exaction theory . . . but not both.").

[4] At the same time, Plaintiffs also informed the Government that their "class certification motion may contain additional specificity in the Takings Class definition."

**III.   ARGUMENT**

Plaintiffs have good cause for the proposed amendment. Rule 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent." As this Court has explained, "[t]he good cause inquiry is two-fold, asking: (1) whether the moving party was diligent," and "(2) whether the non-moving party would suffer prejudice" if the amendment is granted. *Sci. Applications Int'l Corp. v. United States*, 153 Fed. Cl. 485, 493 (2021) (Roumel, J.). It is well accepted that "[c]onsiderations in determining a party's diligence include additional or unexpected results of discovery[.]" *Id.* (quoting *Cellcast Techs., LLC v. United States*, 2019 WL 5959571, at *5 (Fed. Cl. Oct. 30, 2019)).

In evaluating prejudice to the non-moving party, the Court may consider: (1) "whether the non-moving party has been 'genuinely surprised or harmed,'" (2) "the effect of amendment[]," and (3) "whether experts have 'staked out comprehensive positions.'" *Return Mail, Inc. v. United States*, 152 Fed. Cl. 455, 459 (2021) (quoting *MorphoTrust USA, LLC v. United States*, 132 Fed. Cl. 419, 421 (2017)). The Court retains "discretion to consider untimely submissions even in the absence of diligence so long as there is no prejudice to the opposing party." *Sci. Applications*, 153 Fed. Cl. at 493 (citing *Aventis Pharma S.A. v. Hospira, Inc.*, 675 F.3d 1324, 1333 (Fed. Cir. 2012)).

In addition, the Federal Circuit has suggested that a movant under Rule 16 "must also satisfy Rule 15(a)'s standard." *Simio, LLC v. FlexSim Software Prods., Inc.*, 983 F.3d 1353, 1366 n.8 (Fed. Cir. 2020). Because the federal rules "favor resolution of cases on their merits . . . in the absence of any apparent reason (e.g., undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previously allowed amendments, undue prejudice to the opposing party, futility), leave to amend should be freely given, as Rule 15 requires." *CODA Dev. S.R.O. v. Goodyear Tire & Rubber Co.*, 916 F.3d 1350, 1362 (Fed. Cir. 2019) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *accord A & D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1158 (Fed.

Cir. 2014) ("The Claims Court rules liberally provide for amendments of the complaint after the filing of the defendant's answer.").

Plaintiffs satisfy both standards.

### A. Plaintiffs Were Diligent in Moving to Amend; There Is No Bad Faith

Plaintiffs have been diligent in pursuing discovery from the Government, meeting and conferring with the Government on the appropriate scope of discovery, and moving to amend after determining that single employer entities and entities that used both health insurance issuer and non-issuer TPAs have the same takings claims as Plaintiffs. Indeed, all of these efforts have taken place in a matter of months. *Square One Armoring Servs. Co. v. United States*, 152 Fed. Cl. 536, 552 (2021) (Roumel, J.) ("[W]here new information is discovered during the course of discovery, courts routinely have permitted amendments even where the moving party had previous general knowledge of the basis of the proposed amendments."); *Kudu Ltd. II, Inc. v. United States*, 153 Fed. Cl. 790, 795 (2021) (Roumel, J.) (collecting cases) ("[A]bsent a determination of prejudice, a significant delay is one that is '*measured in years.*'").

In addition to showing diligence, these facts similarly negate any suggestion of bad faith or dilatory motive. *Square One Armoring Servs.*, 152 Fed. Cl. at 549 (No bad faith where party is "merely being diligent in attempting to recover funds it believes are owed").

### B. There Is No Unfair Prejudice to the Government if Plaintiffs' Amendment Is Granted; Plaintiffs' Amendment Is Not Futile

All factors that courts consider in evaluating prejudice and futility also weigh in favor of permitting amendment here.

*First*, the Government cannot credibly claim surprise, as the need to amend arises from its own documents and the takings claim asserted by all proposed Takings Class Members is based on the same facts as the claim asserted by Plaintiffs. As explained in Plaintiffs' Motion for Class

7

Certification, all Takings Class Members will rely on materially similar contracts, statutes, and/or regulations to establish their property interest in the funds taken for the TRP Contributions. These similar characteristics are not dependent on whether a Takings Class Member was a single employer or multiemployer entity, or which type of TPA they may have used. Indeed, the Government's admission that it cannot differentiate between the different types of TPAs (those that are health insurance issuers and those that are not) underscores the appropriateness of the proposed amendment.

Moreover, the Complaint plainly alleges the takings claims are brought on behalf of Plaintiffs and all "all others similarly situated." Complaint pp. 1, 43. There is no doubt that single-employer entities and those that used TPAs that are health insurance issuers are "similarly situated" to Plaintiffs: All were required to make TRP Contributions in contravention of the Fifth Amendment. MTD Order, 155 Fed. Cl. at 183.

*Second*, the proposed amendment will not disrupt fact or expert discovery, which are now closed. Notably, the present factual record already covers single employer plans and all putative Takings Class Members that used a TPA. The Government did not submit any expert reports in this matter, and therefore has not "staked out" any expert positions, "comprehensive" or otherwise. Further, Plaintiffs' Motion for Class Certification is being filed contemporaneously with this Motion, and dispositive motions have not yet been filed as to the Takings Class.

*Third*, Takings Class Members' claims are not futile. The Court has permitted these claims to proceed. MTD Order, 155 Fed. Cl. at 193; *see also St. Paul Fire & Marine Ins. Co. v. United States*, 31 Fed. Cl. 151, 155 (1994) (in assessing futility, "courts simply decide whether a party's proposed amendment is facially meritless and frivolous" or "has been adequately addressed in the prior complaint").

## IV.     CONCLUSION

For all of the reasons stated above, Plaintiffs meet the requirements under Rules 16 and 15. Accordingly, Plaintiffs respectfully request that their Motion be granted.

DATED: October 28, 2022                        Respectfully submitted,

/s/ *Joseph H. Meltzer*
**KESSLER TOPAZ**
 **MELTZER & CHECK, LLP**
Joseph H. Meltzer
jmeltzer@ktmc.com
Melissa L. Troutner
mtroutner@ktmc.com
Jonathan F. Neumann
jneumann@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

Charles F. Fuller
chuck@dalelaw.com
**McCHESNEY & DALE, P.C.**
4710 Bethesda Avenue, Suite 205
Bethesda, MD 20814
Telephone: (301) 657-1500
Facsimile: (301) 657-1506

*Attorneys for Plaintiffs, the Exaction Class,
and the Proposed Takings Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of October, 2022, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court, is available for viewing and downloading from the ECF system, and will be served by operation of the Court's electronic filing system (CM/ECF) upon all counsel of record.

*/s/ Joseph H. Meltzer*
Joseph H. Meltzer
