# EXHIBIT 3



Writer's Direct Dial: 610-822-2203
E-Mail: lmcginley@ktmc.com
*Please reply to the Radnor Office*

March 1, 2022

**VIA EMAIL**

Steven Kushnir
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station

      **Re:**  *Electrical Welfare Trust Fund, et al. v. United States*
            Docket No. 1:19-cv-00353-EMR

Dear Steve:

      We write on behalf of Plaintiffs to summarize the parties' discovery efforts thus far, highlight certain discovery that remains outstanding, and propose narrowed discovery requests that address the Government's purported objections. As set forth below, the Government's continued obstruction and delay is inexcusable and highly prejudicial to Plaintiffs. Despite having Plaintiffs' initial discovery requests for nearly four months, the Government has to date produced ***just four made for litigation documents***. Rather than meaningfully participate in the discovery process, the Government has instead engaged in a campaign of delay, including by failing to comply with its own representations regarding when discovery will be produced. And significantly, the Government has not complied with its own phased discovery proposal. To state the obvious, a phased discovery concept is not useful if the Government produces virtually no discovery in the first phase.

      Under the already extended schedule, fact discovery is set to close in less than thirty days and expert reports are due in less than sixty days. Any further delay will completely undermine the parties' ability to comply with these, and other, Court-ordered deadlines. Accordingly, if the Government does not immediately commit to producing all outstanding discovery referenced below, Plaintiffs will seek relief from the Court.

280 King of Prussia Road, Radnor, Pennsylvania 19087  T. 610-667-7706  F. 610-667-7056  info@ktmc.com
One Sansome Street, Suite 1850, San Francisco, California 94104  T. 415-400-3000  F. 415-400-3001  info@ktmc.com
WWW.KTMC.COM

Steven Kushnir
March 1, 2022
Page 2

**Status of Discovery**

Plaintiffs served their First Set of Interrogatories and Document Requests on the Government on October 27, 2021 and November 4, 2021, respectively. At the Government's request, Plaintiffs consented to an extension of time for the Government to respond to Plaintiffs' discovery requests until December 30, 2021. In exchange for the requested extension, the Government confirmed that it would provide substantive discovery responses and not merely objections. Despite the Government's representations, it provided substantive responses to only 7 of Plaintiffs' 14 interrogatories and agreed to produce documents in response to only 6 of Plaintiffs' 19 requests. The Government lodged objections to Plaintiffs' remaining interrogatories and document requests.

Plaintiffs emailed the Government on January 4, 2022 to request a meet and confer to discuss the Government's objections. Later the same day, Plaintiffs sent a detailed follow-up email to the Government identifying what, specifically, Plaintiffs wished to discuss during the parties' meet and confer. Among the most significant issues identified by Plaintiffs was the Government's objection that it "did not collect information that would permit it to distinguish between self-insured group health plans administered by non-health insurers, which fall within plaintiffs' definition of 'SMPs,' and self-insured group plans administered by health insurers" – this purportedly made it impossible for the Government to produce responsive documents and answer certain interrogatories. Plaintiffs also stated that they wished to discuss the Government's "responses to RFP Nos. 9-16 and 19, including, specifically, what documents exist that are responsive to these requests, and the basis for the Government's burden and proportionality objections."

On January 5, 2022, the Government informed Plaintiffs that it was not available to meet and confer until more than a week later, on January 14, 2022. The parties met and conferred on January 14, 2022. During that meet and confer, the Government informed Plaintiffs that it had already been provided a list of 130,000 entities that utilized a third-party administrator ("TPA") from HHS, but that it did not yet have information regarding which TPA each entity utilized or which TPAs were issuers vs. non-issuers. Given this representation, the parties agreed to a phased discovery process, whereby (i) the Government would immediately provide the list of 130,000 entities to Plaintiffs; (ii) as a courtesy and to help speed the TPA identification process with HHS, Plaintiffs would serve amended interrogatories and the Government would promptly respond to Plaintiffs' amended interrogatories by identifying TPAs for the list of 130,000 entities; (iii) based on this information, Plaintiffs would attempt to determine which TPAs were health insurance issuers and which were not health insurance issuers; and (iv) if Plaintiffs were able to easily and efficiently identify issuer vs. non-issuer TPAs based on the information provided by the Government, the parties would thereafter revisit the issue of the Government's responses to Plaintiffs' discovery requests related to self-insured entities administered by a TPA (including, but not limited to, Request Nos. 4, 6, 8, and 17 and amended interrogatories 4, 6, 8, 10, 12, and 14, to determine whether discovery could be produced for entities with non-issuer TPAs only or whether full discovery would need to be produced (which would occur in the event the Government-provided information did not allow Plaintiffs to easily and efficiently identify issuer vs. non-issuer



Steven Kushnir
March 1, 2022
Page 3

TPAs). Finally, Plaintiffs agreed to consider whether any of their remaining document requests could be narrowed to address the Government's scope and burden concerns.

On January 21, 2022, consistent with the parties' agreement, Plaintiffs served amended interrogatory requests that, among other things: (i) did not differentiate between issuer and non-issuer TPAs, and (ii) asked the Government to identify TPAs that paid contributions on behalf of putative class members. Plaintiffs also specifically requested payment documents responsive to Request Nos. 3 and 7, and, as courtesy, provided the Government with an example of the specific documents Plaintiffs were requesting.

The Government then ignored Plaintiffs' correspondence and amended interrogatories. Having heard nothing from the Government, Plaintiffs sent a follow-up email on February 3, 2022 asking when additional documents, including those specifically requested in Plaintiffs' January 21, 2022 email, would be produced. The next day, February 4, 2022, the Government produced two spreadsheets with its purported response to Plaintiffs' revised Interrogatory Nos. 4, 8, and 10. Yet as Plaintiffs explained in their February 7, 2022 email, the Government's spreadsheets ***inexplicably omit any reference to the specific TPAs that paid contributions on behalf of the referenced funds***. Instead, they appear to reference the very same information the Government represented that it already had in its possession as of at least January 14, 2022. Without this information Plaintiffs have no way of differentiating between issuer and non-issuer TPAs—as they in good faith agreed to do before moving to phase two of the Government's proposed approach.

On February 11, 2022, the Government stated that "[a]s for a list of TPAs, the agency is working on this request, and I anticipate producing that list by Monday, February 21, 2022." The Government did not produce such a list on February 21, 2022, and Plaintiffs again followed up on February 24, 2022. In their February 24, 2022 correspondence, Plaintiffs reminded the Government that "you indicated that the 30-day clock would not reset if we served amended interrogatories—which we served as a courtesy based on your representation that it would help speed the process of obtaining the information from HHS—and that you would work to respond to them sooner than 30 days from service." In the Government's same day response, it doubled back on its prior representations, stating "my commitment to provide data in less than 30 days related only to the full list of covered entities already in my possession, and not to any additional information I had to obtain from the agency, like the list of TPAs." The Government further stated that it "anticipate[s] getting that additional information, and producing it to you, by the end of the week." The Government again failed to comply with these representations. Late in the day on Friday, February 25, 2022, it emailed Plaintiffs to state "the agency needs a few extra days" and "I hope to produce this information to you early next week." As of the date of this letter, the Government has still not produced such information.

Remarkably, the Government's stonewalling extends even to discovery it agreed to produce as of December 30, 2021. In its February 4, 2022 correspondence, the Government stated that "HHS is actively working" on "documents responsive to plaintiffs' RFPs," and it "should be in a position to share documents next week" (i.e., the week of February 7, 2022). To date, however, the Government has not produced any documents responsive to Plaintiffs' Requests apart from the incomplete spreadsheets that are only partially responsive to Plaintiffs' Interrogatories.



Steven Kushnir
March 1, 2022
Page 4

Under the current schedule, which was extended at the Government's request, fact discovery is set to close on March 21, 2022, expert discovery must be completed by May 23, 2022, and dispositive motions are due by June 20, 2022. Simply put, this schedule cannot be met if the Government continues to refuse to participate in discovery.

### Outstanding Discovery

Despite the Government's repeated assurances, significant discovery that it has already agreed to produce remains outstanding. The Government's inability to comply with its basic discovery obligations and continued delay is prejudicial to Plaintiffs' ability to pursue related discovery and comply with the Court-ordered schedule.

**List of TPAs:** The Government has to date not produced information identifying TPAs for each of the 130,000 entities identified in the Government's February 4, 2022 spreadsheets and, to the extent certain entities used more than one TPA, the amounts paid by each TPA. Given the parties' agreement to phased discovery as described above, the Government's delay in this respect is particularly prejudicial. Please produce this information immediately.

**Request Nos. 1-3, 5, 7, and 18**: The Government has not complied with its own representation that such documents would be produced the week of February 7, 2022. It is now more than three weeks beyond the promised production date. Please produce documents responsive to these Requests immediately.

**Amended Interrogatories Nos. 4, 6, 8, 10, 12, 14**: During the parties' meet and confer on January 14, 2022, the Government agreed that it would make every attempt to produce responses to these Amended Interrogatories as soon as possible given that the Government had already had the initial interrogatories for approximately two months and Plaintiffs simply revised the requests for clarity. The Government has not abided by these representations. Please produce written responses to these Interrogatories immediately.

**Request Nos. 20 and 21:** Plaintiffs also note that their Second and Third Sets of Requests for Production were served on January 26, 2022 and February 21, 2022, respectively. Request Nos. 20 and 21 were served in direct response to the spreadsheets the Government produced related to TRP refunds made to self-insured, self-administered entities and self-insured entities administered by a TPA. The Government once again flouted its discovery obligations, failing to respond to Plaintiffs' Second Request on February 25, 2022. Please confirm a date certain by which the Government will promptly produce documents responsive to these limited requests.

### Narrowed Requests for Production

The Government objected to Plaintiffs' Requests for Production Nos. 9-16 and 19 as not relevant, overbroad, disproportionate, unduly burdensome, and privileged. During the parties' meet and confer, the Government asked Plaintiffs to consider ways to narrow the requests to address the Government's objections. Plaintiffs have narrowed their requests as set forth below.

Case 1:19-cv-00353-EMR   Document 83-3   Filed 10/28/22   Page 6 of 7



Steven Kushnir
March 1, 2022
Page 5

      **Request No. 9:** Request No. 9 seeks "All Documents reflecting monies paid out from the TRP." Plaintiffs are willing to narrow this request to documents reflecting monies paid out from the TRP to entities other than health insurance issuers.

      **Request Nos. 10-15:** These Requests seek documents and communications concerning the 2011-2013 Proposed Rules, "including but not limited to, any Public Comment related thereto," and any communications "between or among HHS, CMS, and any other Government agency or entity, and all Communications related to any Public Comment." The Government objected to these requests as not relevant and, with only limited further explanation, privileged. Plaintiffs are willing to narrow these requests to:

(1) Documents related to the development of the definition of "contributing entity," including research, analyses, studies, or other data gathered for the purposes of drafting the 2011-2013 Proposed Rules; and

(2) Communications to, from or among HHS or CMS regarding (a) the development of the definition of "contributing entity," (b) whether self-insured entities should be considered "contributing entities," (c) any acknowledgment that self-insured entities could not benefit from the TRP, and/or (d) any acknowledgment that self-insured entities did not exclude members based on pre-existing conditions.

      Documents responsive to these narrowed requests are relevant to Plaintiffs' Takings claims and support the *Penn Central* factors. Specifically, these documents and communications relate to the nature of the government regulation and whether Plaintiffs should have reasonably expected to be subject to it. *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978). Please confirm this compromise is acceptable to the Government. If the Government maintains certain documents responsive to this narrowed request are privileged, please confirm all such documents will be promptly listed on an appropriate log and confirm a date certain by which such a log will be produced to Plaintiffs.

      **Request No. 16:** Request No. 16 seeks "All Documents drafted, published, issued, or authored by the Government listing or otherwise identifying the Funds that the Government considers, or formerly considered, 'Contributing Entities.'" Plaintiffs are willing to narrow this request to any draft or final lists of contributing entities assembled by HHS or CMS. Such information is relevant to Plaintiffs' Takings claims for substantially the same reasons discussed with respect to Request Nos. 10-15.

<div align="center">*   *   *</div>

      As we have stated on multiple occasions to the Government and the Court, Plaintiffs intend to move this case expeditiously. We sincerely hope that the Government will proceed in good faith and participate meaningfully in the discovery process, rather than to simply press for continued delay. This is especially true given your comments at today's hearing that you did not want discovery to go on "ad infinitum." Nor do we. And while you are quick to call us recalcitrant, which we do not take personally but strongly disagree with the characterization, the irony of that



Steven Kushnir
March 1, 2022
Page 6

type of rhetoric is difficult to miss particularly considering the four documents that Government has produced to date.

    Please immediately produce the discovery that is due and owing, so that we can avoid unnecessarily involving the Court. There is no basis in continuing to withhold such information. As to any narrowed requests, we are available immediately to discuss in an effort to keep discovery moving. But any such discussions need not, and should not, precede the production of discovery that the Government has already agreed to turn over.

                        Sincerely,

                        KESSLER TOPAZ
                        MELTZER & CHECK, LLP

                        Melissa L. Troutner
                        Jonathan F. Neumann
                        Lauren M. McGinley