# In the United States Court of Federal Claims

| | |
|---|---|
| ELECTRICAL WELFARE TRUST FUND, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>THE UNITED STATES,<br><br>　　　　　　Defendant. | No. 19-cv-353<br><br>Filed: March 10, 2023 |

**ORDER**

    Three motions are currently pending before this Court: one dispositive and two related to certification of a class action. On October 28, 2022, Plaintiffs Operating Engineers Trust Fund of Washington, D.C. (OETF) and Stone & Marble Masons of Metropolitan Washington, D.C. Health and Welfare Fund (Stone Masons) filed both a Motion for Leave to Amend Takings Class Definition in the Second Amended Class Action Complaint (ECF No. 83) (Class Definition Motion) and a Motion to Certify Class (ECF No. 84) using the proposed amended Takings Class definition. Briefing on the Class Definition Motion concluded on January 13, 2023 and briefing on the Motion to Certify Class concluded on January 20, 2023. On January 31, 2023, Defendant filed a dispositive Motion for Partial Summary Judgment on Plaintiffs' Fifth Amendment takings claims. ECF No. 105.

    Defendant's Response to Plaintiffs' Motion for Class Certification — filed on December 21, 2022 — requested this Court defer its consideration of class certification for the proposed Takings Class until after ruling on Defendant's Motion for Partial Summary

Judgment, protecting "'both parties and the court from needless and costly further litigation.'"  ECF No. 98 at 18–20 (quoting *Wright v. Schock*, 742 F.2d 541, 544 (9th Cir. 1984)); *id.* at 20 ("[T]he Court should first decide whether OETF and Stone Masons can maintain a takings claim against the United States, and only then, in the event OETF and Stone Masons prevail, decide whether a class of similarly situated plans should be certified.").  Plaintiffs "do not oppose the Government's request to have dispositive motions adjudicated prior to class certification" but stated "it should be noted that, by electing this path, the Government proceeds at its own risk."  Plaintiffs' Reply to Response to Motion to Certify Class (ECF No. 102) at 17.

As Defendant highlights, Plaintiffs' proposed class "may contain tens of thousands of entities . . . and the opt-in process for such a large class is likely to prove both lengthy and costly."  ECF No. 98 at 19.  Mindful of its duty under Rule 1 to ensure the "just, speedy, and inexpensive determination of every action and proceeding," this Court seeks to avoid the waste of effort and funds on such an opt-in process that would become moot should this Court grant partial summary judgment to Defendant. Considering Defendant's Motion for Partial Summary Judgment first before proceeding to class certification would prevent such an outcome.

Given the parties' agreement that this Court should first rule on Defendant's Motion for Partial Summary Judgment, this Court concludes there is good cause to stay Plaintiff's pending motions related to class certification under the Takings claims.  "The power of a federal trial court to stay its proceedings . . . is beyond question."  *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997).  "When and how to stay proceedings is within the sound discretion of the trial court."  *Id.*  Judicial and litigant economy is central

to a court's decision to stay all or part of a proceeding. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).

Accordingly, this Court **STAYS** Plaintiffs' Motion for Leave to Amend Takings Class Definition in the Second Amended Class Action Complaint (ECF No. 83) and Motion to Certify Class (ECF No. 84) pending adjudication of Defendant's Motion for Partial Summary Judgment (ECF No. 105).

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge