# In the United States Court of Federal Claims

| | |
|---|---|
| THE ELECTRICAL WELFARE TRUST FUND, THE OPERATING ENGINEERS TRUST FUND OF WASHINGTON, D.C., and THE STONE & MARBLE MASONS OF METROPOLITAN WASHINGTON, D.C. HEALTH AND WELFARE FUND on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>   v.<br><br>THE UNITED STATES,<br><br>   Defendant. | No. 19-353C<br>Judge Roumel |

## JOINT STATUS REPORT[1]

Pursuant to the Court's March 28, 2023 Order (ECF No. 117), the parties respectfully submit this Joint Status Report regarding the actions filed by eight self-insured, self-administered entities. In particular, the Court directed the parties to provide their "respective positions concerning whether the plaintiffs in the above-referenced cases should be included in the Illegal Exaction Class certified by this Court." ECF No. 117 at 1-2.

**Plaintiffs' Position**

At the outset, and to be clear, plaintiffs in this case, *Electrical Welfare Trust Fund et al. v. United States*, No. 19-353C ("EWTF Action"), were not aware of the filing of the Tag-Along

---

[1] Unless otherwise noted: (i) all capitalized terms have the meaning ascribed to them in the Supplemented Certification of Final Membership in the Exaction Class (ECF No. 111) ("Final Certification") or the Second Amended Class Action Complaint ("Complaint") (ECF No. 59); (ii) "Rule" or "RCFC" means Rules of the United States Court of Federal Claims; (iii) all emphases are added; and (iv) all internal citations and quotations are omitted.

Actions[2] until receipt of the Court's March 28 Order. ECF No. 117. This is surprising since the Tag-Along Actions are pursuing identical claims as the Exaction Class in the EWTF Action, and make specific reference to the EWTF Action in their pleadings, but were not marked as related to this action.

Indeed, after receiving an Order to Show Cause why these cases should not be transferred to this Court, counsel for plaintiff in a Tag-Along Actions filed an unopposed motion to transfer noting that the case

> [C]oncerns the same factual and legal issues relating to the interpretation and application of Section 1341 (Transitional Reinsurance Program) of the Patient Protection and Affordable Care Act as at issue in a pending class action before Judge Roumel—*Electrical Welfare Trust Fund et al. v. United States*, No. 19-353C; both cases involve plaintiffs' claim for damages for the government's illegal exactions from certain self-insured multiemployer health and welfare benefit plans under the Transitional Reinsurance Program.

*See, e.g.*, *Blue Cross and Blue Shield of South Carolina v. United States*, No. 23-156C, ECF No. 7 at 1.[3] Notably, the Unopposed Motion to Transfer requests that "this case be transferred to Judge Roumel as an individual and independent case, not to be consolidated with any other case before Judge Roumel." *Id.* at 2.

The claims by plaintiffs in the Tag-Along Actions are materially identical to those asserted by the Exaction Class in the EWTF Action. As the Court knows, the claims on behalf of Exaction Class members have been fully litigated in this case. In March 2019, Plaintiffs filed a

---

[2] The "Tag-Along Actions," which have all been transferred to this Court, are: *Louisiana Health Service & Indemnity Company v. United States*, No. 23-152; *Blue Cross and Blue Shield of South Carolina v. United States*, No. 23-156; *Carefirst, Inc. v. United States*, No. 23-157; *Cook Group, Inc. v. United States*, No. 23-158; *Lester E. Cox Medical Centers v. United States*, No. 23-159; *UnitedHealth Group Incorporated v. United States*, No. 23-160; *Humana Inc. v. United States*, No. 23-209; *Blue Cross and Blue Shield of Kansas City v. United States*, No. 23-351.

[3] Statements such as this in the Unopposed Motion to Transfer cast further doubt on why the cases were not initially marked as related to the EWTF Action.

comprehensive class Complaint against the Government in this Court and then successfully opposed a motion to dismiss the illegal exaction claim.[4] Thereafter, Plaintiffs (i) pursued class discovery from the Government, which closed on July 8, 2022, (ii) obtained certification of the Exaction Class on June 22, 2022, and (iii) obtained summary judgment for the Exaction Class on December 21, 2022.

Rather than filing a separate action at any time before or during the course of this litigation, the Tag-Along Plaintiffs waited until *after* Plaintiffs here prevailed on their illegal exaction claim against the Government to file the Tag-Along Actions asserting identical claims. Why the Tag-Along Plaintiffs opted to file now is not clear, although the above-referenced Unopposed Motion to Transfer notes, somewhat cryptically, that "Plaintiff would prefer to proceed individually with the ability to control its own litigation with the Department of Justice in this matter." *See, e.g.*, *Blue Cross and Blue Shield of South Carolina v. United States*, No. 23-156C, ECF No. 7 at 2.

Also unclear is whether plaintiffs in the Tag-Along Actions can be compelled to opt-in to the Exaction Class certified by this Court. While we agree with the Court that the Tag-Along Plaintiffs "appear to fall within the Illegal Exaction Class,"(ECF 117 at 1), there seems to be a dearth of authority as to whether Plaintiffs in the EWTF Action can move or otherwise compel these plaintiffs to participate as Exaction Class members. If the Tag-Along plaintiffs do ultimately become Exaction Class members, whether voluntarily or by Court order, nothing remains to be done in this Court as judgment against the Government has already been granted. To the extent these plaintiffs do not ultimately become part of the Exaction Class, Plaintiffs reserve their right

---

[4] *Elec. Welfare Tr. Fund v. United States*, 155 Fed. Cl. 169, 183 (2021) (Roumel, J.) (denying Government's motion to dismiss and finding SISAs are not covered by the "plain language" of 42 U.S.C.A. § 18061, which requires only "health insurance issuers, and third party administrators on behalf of group health plans . . . to make [reinsurance contributions]").

to file a motion with the Court for a set-aside order on any recovery obtained in the Tag-Along Actions. *See, e.g.*, *In re Zetia (Ezetimibe) Antitrust Litig.*, 2022 WL 18108387, at *4 (E.D. Va. Nov. 8, 2022) ("Without a set-aside order, tag-along plaintiffs could file their individual cases at the last possible minute, request and rely on the record developed by class counsel, and reap the savings in legal fees. That situation presents a classic problem of unjust enrichment, which the common benefit doctrine is meant to remedy.").

In addition to arguing summary judgment on behalf of the Takings Class, Plaintiffs will be prepared to discuss the above issues, and any other outstanding matters, during the May 11, 2023 hearing.

**The Government's Position**

The Government understands that the plaintiffs in the Individual TRP Cases,[5] which are eight allegedly self-insured, self-administered entities, do not wish to join the *Electrical Welfare* class action, and instead prefer to pursue their claims separately. The Government does not oppose the choice expressed by the plaintiffs in the Individual TRP Cases. We take no position on applicability of the common benefits doctrine, or any other matter stated by plaintiffs above.

DATED: April 17, 2023                           Respectfully submitted,

                                                /s/ *Joseph H. Meltzer*
                                                **KESSLER TOPAZ**
                                                 **MELTZER & CHECK, LLP**
                                                Joseph H. Meltzer
                                                jmeltzer@ktmc.com

---

[5] The "Individual TRP Cases," are: *Louisiana Health Service & Indemnity Company v. United States*, No. 23-152; *Blue Cross and Blue Shield of South Carolina v. United States*, No. 23-156; *Carefirst, Inc. v. United States*, No. 23-157; *Cook Group, Inc. v. United States*, No. 23-158; *Lester E. Cox Medical Centers v. United States*, No. 23-159; *UnitedHealth Group Incorporated v. United States*, No. 23-160; *Humana Inc. v. United States*, No. 23-209; *Blue Cross and Blue Shield of Kansas City v. United States*, No. 23-351.

Melissa L. Troutner
mtroutner@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

Charles F. Fuller
chuck@dalelaw.com
**McCHESNEY & DALE, P.C.**
4000 Mitchellville Road, Suite 222
Bowie, MD 20716
Telephone: (301) 805-6080
Facsimile: (301) 805-6086

*Attorneys for Plaintiffs and the Exaction Class*

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | /s/ Eric P. Bruskin<br>ERIC P. BRUSKIN<br>Assistant Director |
| OF COUNSEL:<br><br>KENNETH WHITLEY<br>ROBERT BALDERSTON<br>Attorneys<br>Office of the General Counsel<br>U.S. Dep't of Health and Human Services | /s/ Borislav Kushnir<br>BORISLAV KUSHNIR<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, DC 20044<br>Telephone: (202) 307-5928<br>Facsimile: (202) 353-0461<br>Email: Steven.Kushnir@usdoj.gov<br><br>Attorneys for Defendant |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of April 2023, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court, is available for viewing and downloading from the ECF system, and will be served by operation of the Court's electronic filing system (CM/ECF) upon all counsel of record.

                                                                              */s/ Joseph H. Meltzer*
                                                                              Joseph H. Meltzer